# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00049-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| TIMOTHY LANE PLEMMONS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Permission" [Doc. 64].

In August 2018, the Defendant was sentenced in this Court to 138 months' imprisonment to be served consecutively to any undischarged term of imprisonment imposed by a state or federal court. [Doc. 50]. By the present motion, the Defendant appears to ask the Court's permission to seek from the Bureau of Prisons a *nunc pro tunc* designation of the state facility at which he was previously housed as the place of his imprisonment for the purpose of calculating his federal sentence. [Doc. 64].

The Bureau of Prisons (BOP) has the sole authority to designate the location of an inmate's place of imprisonment. See 18 U.S.C. § 3621(b).

Before seeking relief from any court regarding his placement designation, a defendant must exhaust all administrative remedies through the Bureau of Prisons. See, e.g., Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004). Once all administrative remedies have been exhausted, a defendant may challenge his placement designation only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. See Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002). Accordingly, the Defendant's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Permission" [Doc. 64] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 27, 2021

Martin Reidinger
Chief United States District Judge

2

Case 1:17-cr-00049-MR-DLH   Document 65   Filed 09/27/21   Page 2 of 2