THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00049-MR-WCM

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) |
| vs. | ) **O R D E R** |
| **TIMOTHY LANE PLEMMONS,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the Defendant's "Motion under 18 U.S.C. 3582(c)(2) and U.S.S.G. 1B1.10" [Doc. 68].

The Defendant Timothy Lane Plemmons pled guilty to one count of possession with intent to distribute a quantity of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [Docs. 31, 33]. A Presentence Report (PSR) was prepared in advance of sentencing. In the PSR, the probation officer determined that the Defendant's prior convictions resulted in seven criminal history points. [Doc. 42: PSR at ¶ 48]. Two criminal history points were added due to the fact that the Defendant was under a criminal justice sentence when the instant offenses were committed. [Id. at ¶ 49]. Accordingly, the probation officer determined that the total number of criminal history points was nine, resulting in a criminal history category of IV.

[Id. at ¶ 50]. On August 16, 2018, the Court sentenced the Defendant to a total term of 138 months' imprisonment. [Doc. 50 at 2].

The Defendant now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines. [Doc. 68].

At the time that the Defendant was sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2021). Part A of Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 now provides for the addition of only one criminal history point and applies only to defendants with seven or more criminal history points who committed the offense of conviction while under a criminal justice sentence. See U.S.S.G. § 4A1.1(e) (2023).

Here, the Defendant had two additional status points added because he had committed the offenses of conviction while under a criminal justice sentence, resulting in a total criminal history score of nine and a criminal history category of VI. [Doc. 42: PSR at ¶¶ 49-50]. The revision to § 4A1.1 would result in only one status point being added, resulting in a total criminal

2

history score of eight.  See U.S.S.G. § 4A1.1(e) (2023).  However, a criminal history score of eight still establishes a criminal history category of IV.  As such, Part A of Amendment 821 has no impact on the calculation of the Defendant's advisory guideline range.  For all of these reasons, the Defendant's motion for a sentence reduction is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion under 18 U.S.C. 3582(c)(2) and U.S.S.G. 1B1.10" [Doc. 68] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 23, 2024

Martin Reidinger
Chief United States District Judge